STEINKRITZ AMUSEMENT CORPORATION, Respondent, *v.* SAM KAPLAN, as President of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators' Union, Appellant.

(Argued October 8, 1931; decided October 20, 1931.)

*Jeremiah T. Mahoney* and *Vincent L. Leibell* for appellant. The conclusions and judgment granting a sweeping injunction against appellant prohibiting all picketing are not sustained by any findings that appellant had been guilty of violence, trespass, disorder, interference or intimidation, nor by any evidence that would warrant such findings as to any acts so numerous or so serious in character as to justify the injunction. (*Murray Co. v. Lidgerwood Mfg. Co.*, 241 N. Y. 455; *Wood Mowing & Reaping M. Co. v. Toohey*, 114 Misc. Rep. 185; *Matter of Case*, 214 N. Y. 199; *People v. Nixon*, 248 N. Y. 182; *People v. Wecker*, 140 Misc. Rep. 388; *Exchange Bakery & Restaurant, Inc., v. Rifkin*, 245 N. Y. 260; *Nann v. Raimist*, 255 N. Y. 307; *Tree-Mark Shoe Co. v. Schwartz*, 139 Misc. Rep. 136.) In any event the injunction is too broad and should be limited to restraining the display

of a sign with the word " strike." (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Nann* v. *Raimist*, 255 N. Y. 307; *Wilner* v. *Bless*, 243 N. Y. 544; *Reed Co.* v. *Whiteman*, 238 N. Y. 545; *Grassi Contracting Co.* v. *Bennett*, 174 App. Div. 244.)

*Benjamin Lifshitz* and *Reuben Honigman* for respondent. Defendant's campaign of violence and intimidation, and its conduct in falsely stating that there was a strike in progress at plaintiff's theatre, warrant the granting of the injunction. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Cook* v. *Wilson*, 108 Misc. Rep. 438; *Wilner* v. *Bless*, 243 N. Y. 544; *Erie R. R. Co.* v. *International Ry. Co.*, 209 App. Div. 380; 239 N. Y. 598; *Marvin* v. *Insurance Co.*, 85 N. Y. 278; *Reed* v. *McConnell*, 133 N. Y. 425; *People* v. *Supervisors*, 70 N. Y. 228; *Ostrander* v. *State of New York*, 192 N. Y. 415; *First Nat. Bank* v. *Chalmers*, 144 N. Y. 432; *Ogden* v. *Alexander*, 140 N. Y. 356; *Meyer* v. *Lathrop*, 73 N. Y. 315; *People* v. *Barker*, 152 N. Y. 417; *Matter of Santrucek*, 239 N. Y. 59; *Newburger* v. *American Surety Co.*, 242 N. Y. 134; *Kissam* v. *U. S. Printing Co.*, 199 N. Y. 76; *Stillman* v. *City of Olean*, 228 N. Y. 322.)

*Frank P. Walsh* and *Gardiner Conroy* for William F. Canavan, *amicus curiæ*. No unlawful means are involved. (*Nann* v. *Raimist*, 255 N. Y. 307; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Wilner* v. *Bless*, 243 N. Y. 544; *Reed Co.* v. *Whiteman*, 238 N. Y. 545.)

*Per Curiam.* The evidence presented a question of fact which when resolved in favor of the plaintiff justified the granting of an injunction restraining the defendant from picketing the premises in question.

In the case of *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin* (245 N. Y. 260, at p. 269) it was said: " Where

unlawful picketing has been continued; where violence and intimidation have been used and where misstatements as to the employers' business have been distributed, a broad injunction prohibiting all picketing may be granted. The course of conduct of the strikers has been such as to indicate the danger of injury to property if any picketing whatever is allowed."

Where such an injunction has been granted, " This court may not interfere except for manifest abuse." (*Nann* v. *Raimist*, 255 N. Y. 307, at p. 315.)

The injunction granted herein goes beyond restraining the picketing of plaintiff's premises and acts incidental thereto. It should be modified by striking out the restraining provisions contained therein except those which restrain the defendant and all persons acting under its authority (as therein written) from picketing the plaintiff's premises, and from " exhibiting any sign or signs and distributing any notice in front of or in the vicinity of the said premises."

The judgment should be modified in accordance with this memorandum and as modified affirmed, without costs.

POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CARDOZO, Ch. J., and LEHMAN, J., concur, except that they are of the opinion that there is neither finding nor evidence of violence sufficient to sustain the restraint of every form of picketing, and vote to modify the judgment in that respect by limiting the injunction to picketing with an untruthful sign.

Judgment accordingly.