J. H. & S. THEATRES, INC., Respondent, *v.* JOHN A. FAY, as President of the INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, LOCAL No. 4, et al., Appellants.

(Argued October 26, 1930; decided November 22, 1932.)

*William S. O'Connell* for appellants. The alleged contract entered into between the plaintiff and the Empire State Theatrical Stage Employees Union, Inc., was no bar to peaceful picketing of the plaintiff's premises by members of the defendant union. (*Stillwell Theatre, Inc.,* v. *Kaplan,* 259 N. Y. 405; *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Nann* v. *Raimist,* 255 N. Y. 307; *Reardon, Inc.,* v. *Caton,* 189 App. Div. 501.)

*Joseph A. Teperson* for respondent. The defendants lost their rights when they spread false statements which tended to injure the plaintiff's business. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Wilner* v. *Bless,* 243 N. Y. 544.)

LEHMAN, J. The plaintiff has leased and is conducting three theatres at which a member of the defendant union

had previously been employed. To do the same work the plaintiff now employs a member of a rival union and has entered into a contract for the term of one year to employ " only theatrical stage employees who are members in good standing " of the rival union and supplied by it. The defendant union demands that the plaintiff employ one of its members at each theatre and pay him the union rate of wages. By picketing and other activities the defendant union attempted to induce the public not to patronize the three theatres conducted by the plaintiff until its demands are complied with.

The defendant union is a lawful combination. It may, by lawful means, endeavor to induce the plaintiff to employ its members upon terms and conditions satisfactory to it. Its demand that the plaintiff employ one of its members at each theatre, though at the present time a single employee is performing the same work at all three theatres, may be unreasonable. It is attempting to destroy the plaintiff's business in order to induce, or, perhaps we should say, compel the plaintiff to comply with its demand and refuse to go on with the contract made with the rival union.

" Demands of workmen may sometimes be fair and sometimes unfair. Combinations give the workmen a power of compulsion which may work harm to their employer, the public and even to themselves. Where the workmen do not combine they may be compelled by force of economic circumstances to accept unfair terms of employment. Such conflicting considerations of economic policy are not primarily the concern of the courts." (*Interborough Rapid Transit Co.* v. *Lavin*, 247 N. Y. 65, 74.) " It is not within the province of the courts to restrain conduct which is within the allowable area of economic conflict." (*Stillwell Theatre, Inc.*, v. *Kaplan*, 259 N. Y. 405, 412.) A combination of workmen formed for the purpose of obtaining employment for its members upon terms and conditions satisfactory to them may use lawful means to achieve its purpose. The courts have not been con-

stituted arbiters of the fairness, justice or wisdom of the terms demanded.

Combinations of workmen, like other combinations, be they weak or strong, must, nevertheless, restrict the exercise of their powers of compulsion within the limits imposed by law. In *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin* (245 N. Y. 260, 263, 269) we affirmed the right of such combinations to picket for the purpose of achieving their lawful purposes, though injury to others might be incidental to such picketing; but we added the warning: " it may not be accompanied, however, by violence, trespass, threats or intimidation express or implied," and further that " where unlawful picketing has been continued; where violence and intimidation have been used and where misstatements as to the employer's business have been distributed, a broad injunction prohibiting all picketing may be granted. The course of conduct of the strikers has been such as to indicate the danger of injury to property if any picketing whatever is allowed."

In *Stillwell Theatre, Inc.*, v. *Kaplan* (*supra*, p. 412) we held that the right of the defendant " *peacefully and truthfully* " to declare to the world that the business practices of the rival union were unjust and that theatres which patronized that union ought not to be patronized by the public, was not lost because the plaintiff had a year's contract with the rival union. The limitation placed in both cases upon the rights to picket and persuade are integral parts of the definitions of those rights. The courts may not enjoin exercise of those rights because such exercise may cause incidental injury to others. They must, in proper cases, by injunction protect others from injury caused not by exercise of legal rights but by unlawful extension and abuse of such rights.

The defendant union, in this case, picketed the plaintiff's premises in a peaceful, orderly manner. So far it was within its rights. It did more. Four canvassers

employed by it to distribute copies of the *Labor World* interviewed residents of the neighborhood and endeavored to persuade them not to patronize the plaintiff's theatres. So long as they confined themselves to honest, truthful persuasion, the plaintiff had no right to complain, but the evidence shows that they misrepresented the situation and attempted by intimidation of prospective customers to destroy the plaintiff's business. That they certainly had no right to do, and even the defendant does not assert that the courts may not, by injunction, protect the plaintiff from a threatened injury to its business by the continuance or renewal of such acts; if the canvassers acted as agents of the defendant and if future injury is threatened. It does assert that the canvassers were not authorized to do anything but distribute newspapers, and that they were not acting as defendant's agents in attempting oral persuasion. The justice at Special Term has found otherwise, and the evidence justifies, if, indeed, it does not dictate such finding. In spite of evidence that long before the case came to trial the defendant had ceased to employ these canvassers, the court was not bound to accept belated repentance or belated caution as a sufficient guaranty that the plaintiff's business would not be injured in similar fashion in the future. It might, in its discretion, grant protection by an injunction broad enough to achieve that purpose.

The injunction which was granted at Special Term is not only broad but vague. It prohibits " the defendant, its agents, servants and employees, and/or those in concert with them, during the continuance of the existing contract between the plaintiff and the Empire State Theatrical Stage Employees Union, Inc., from doing any act or acts calculated to induce or cause a breach of such contract   *   *   *   and from committing any act or acts which is or are calculated to   *   *.   *   cause persons desiring to enter the said theatre to refrain from so doing." Perhaps these broad prohibitions are intended to be

confined to " picketing and patrolling " and to the use of " unlawful means " in an " unlawful manner," for the injunction contains more specific prohibitions embodying such limitations. Such construction is supported by the fact that the justice at Special Term approved some of the defendant's conclusions of law, including: " 3. That the picketing as conducted by the members of the defendant union in front of the three theatres involved herein was legal," and " 5. That it was legal for the defendant union to employ four young ladies to distribute copies of the New York *Labor World* in the neighborhood of the plaintiff's theatres."

Both parties assumed that the judgment so entered permits peaceful picketing with truthful signs. The plaintiff appealed to the Appellate Division from that part of the judgment or decree which permits the defendants to conduct lawful picketing with truthful signs. The defendant appealed from the other parts of the judgment. The Appellate Division modified the judgment in manner which leaves no doubt as to its meaning. It adjudges now " that defendants be restrained from in any manner picketing plaintiff's premises or interfering with its business." The court has, thus, outlawed all attempts by the defendant to bring any pressure upon the plaintiff to induce it to employ members of the plaintiff union.

The broad injunction of the Appellate Division would be justified if the purpose of the defendant's interference with the plaintiff's business was unlawful. Our decision in *Stillwell Theatre, Inc.*, v. *Kaplan* (*supra*), rendered shortly after the decision of the Appellate Division in this case, is direct authority that the defendant's purpose is not unlawful. The broad injunction can then be sustained only if its end is protection against threatened injury from renewal of abuse of the right of truthful and lawful persuasion. "An injunction does not issue in such circumstances as punishment for the past. (*Iron Molders' Union* v. *Allis-Chalmers Co.*, 166 Fed.

Rep. 45, 49; Frankfurter and Greene, The Labor Injunction, p. 116.) Its only legitimate end is protection for the future." (*Nann* v. *Raimist*, 255 N. Y. 307, 315.)

A broad injunction against all picketing has been sustained where there was a finding that picketing had been conducted unlawfully because accompanied with violence or misrepresentation. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin, supra; Nann* v. *Raimist, supra; Steinkritz Amusement Corp.* v. *Kaplan,* 257 N. Y. 294.) We have said that the scope of the injunction is " something to be determined in the exercise of a wise discretion. This court may not interfere except for manifest abuse." (*Nann* v. *Raimist, supra.*) Here the picketing was orderly and peaceful and not accompanied by misrepresentation. The wrongful acts found by the trial judge were not committed by picketers or at the place where the picketing was being carried on. Nothing in the evidence could lead to an inference that if picketing is continued it will change its character and become unlawful. The injunction must be limited to prohibition of specific unlawful acts except in so far as a broader prohibition has for its legitimate end protection against such acts. Even in those cases where we have sustained a prohibition against all picketing, we have expunged from the judgment other prohibitions which impaired " the defendant's indubitable right to win converts over to its fold by recourse to peaceable persuasion, and to induce them by like methods to renounce allegiance to its rival." (*Nann* v. *Raimist, supra,* p. 319; *Steinkritz Amusement Corp.* v. *Kaplan, supra.*) To do otherwise would be to use the injunctive power of the court to punish for the past rather than to protect in the future. These considerations require that the judgment of modification of the Appellate Division should be reversed.

The question remains whether the judgment rendered at Special Term is open to similar objections. The plaintiff has been greatly wronged by the statements

made by defendant's canvassers, and by circulars distributed in the neighborhood, and by public meetings at which the speakers reiterated such statements. All of this tended both to mislead and to intimidate the public on whose patronage the plaintiff must rely in its business. It is said that the circulars were distributed and the meeting held by the Women's Union Label Club and that the defendant was not responsible for such activities. Assuming, without deciding, that the evidence is insufficient to show that the defendant arranged or maintained these activities, it is still true that they arose out of the defendant's controversy with the plaintiff; they were carried on for the defendant's benefit and they were calculated to aggravate the injury caused by the wrongful conduct of defendant's own agents. The court cannot in this action enjoin persons who are not parties defendant and who are not acting as agents of the defendant from acts which may injure the plaintiff. Its injunction against the defendant, acting through agents or allies, should be broad enough to afford protection which is as complete as possible against the wrongs committed or concerted by the defendant. The injunction granted at Special Term is not calculated to effect that purpose. Its prohibitions are too broad and too vague. Either they impair the defendant's indubitable right to win support by truthful argument and peaceful persuasion, or they fail to define upon what acts the court has placed its ban. We agree with the trial court that the evidence sustains the court's conclusion that the evidence establishes that the defendant is threatened with injury by false statements and attempts at misrepresentation, made by the defendant's agents, though the picketing conducted by the defendant was lawful. Against the injury threatened through a renewal of the unlawful acts the plaintiff is entitled to protection by injunction. The injunction should prohibit the defendant from circulating orally or in writing, by personal

argument or by public meeting, any statement which falsely represents the attitude of the plaintiff towards union labor or that patrons of the plaintiff's theatres will be subjected to danger. The injunction should further prohibit all interference with the plaintiff's business by annoying or intimidating prospective customers or others.

The judgment of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the judgment of the Special Term modified in accordance with this opinion, and as so modified affirmed.

POUND, Ch. J., CRANE, KELLOGG, HUBBS and CROUCH, JJ., concur; O'BRIEN, J., concurs in result solely on the authority of *Stillwell Theatre, Inc.,* v. *Kaplan* (259 N. Y. 405).

Judgment accordingly.