H. B. ROSENTHAL-ETTLINGER Co., Plaintiff, v. JOSEPH SCHLOSSBERG, as Treasurer of the AMALGAMATED CLOTHING WORKERS OF AMERICA, an Unincorporated Association Consisting of More Than Seven Members, and Others, Defendants.

Supreme Court, Dutchess County, October 12, 1933.

*John E. Mack*, for the plaintiff.

*Louis Waldman* [*David I. Ashe* of counsel], for the defendant Schlossberg.

*Paul Rosen*, for certain defendants.

WITSCHIEF, J.   It is frankly stated in defendants' brief that the defendants are carrying on a strike, and are picketing plaintiff's factory for the sole purpose of persuading the plaintiff's employees to join the defendant union, and to unionize the plaintiff's factory. It is claimed by the defendants that the plaintiff has violated the code of the industry to which plaintiff belongs, and section 7 (a) of the National Industrial Recovery Act, in that the plaintiff has refused to bargain collectively with its employees through their chosen representatives, the Amalgamated Clothing Workers of America.

Section 7 (a) provides that employees shall have the right to organize and bargain collectively through representatives of their own choosing, etc.   Those words clearly confer a right on the part of employees to organize and to select representatives for the purpose of conferences with the employer.   But it is not so clear that those words confer a right on employees to demand that an employer confer with a union whose members are not exclusively employees of the employer.   Or that a refusal to so confer is a violation of the National Industrial Recovery Act.

The Court of Appeals in *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin* (245 N. Y. 260) settled the law in this State as to the right of employees to strike and to picket.   The Court of Appeals went farther than that.   It held that all engaged in a trade are affected by the prevailing rate of wages, and are interested in the conditions under which all in the trade work.   That a union may call a strike and picket the premises of an employer with the intent of inducing (forcing) him to employ only union labor.   And, apparently, even though the employees of a particular employer are fully satisfied with their wages, hours and conditions of employ-

ment. It follows that the defendants may lawfully attempt to institute a strike on the part of plaintiff's employees, and may picket the plaintiff's premises, with intent to induce (force) the plaintiff to employ only union labor. But the picketing must be lawful also.

There may be no threats, no statements, oral or written, false in fact, yet tending to injure the employer's business.

The Court of Appeals in the case referred to also held that an employer may hire and discharge men, where and when he chooses, and for any reason. By proper persuasion an employer may induce employees to resign from their unions, using lawful means for that purpose, not threats, not false statements, and not violence or intimidation.

That case was decided in 1927 and its principle affirmed in *J. H. & S. Theatres* v. *Fay* (260 N. Y. 315). Both cases uphold the right of the courts to enjoin misrepresentation as to the facts, and any unlawful means of accomplishing the lawful purpose of the strike or picketing. That even though the unlawful acts complained of had ceased before the case came to trial, the court is not bound to accept belated repentance as a guaranty of future good conduct.

The provisions of the National Industrial Recovery Act (§ 7-a, subd. 2) have made no change in the law as thus declared by the Court of Appeals. The only provision of that act which possibly affects the law as stated by the Court of Appeals, is the provision " that no employee * * * shall be required as a condition of employment to * * * refrain from joining * * * a labor organization of his own choosing."

If that means that an employer may not discharge an employee for any reason, or for no reason, and in the case of any man discharged must be prepared to show good cause for the discharge other than the union affiliations of the man discharged, all employees who are union members have been transferred to a status equivalent to that of the civil service, a result which could not have been intended. Whatever the rule of the unions may be, that is not the law of the land.

The motion papers fail to set forth facts sufficient to justify a finding that any contracts of employment exist between the plaintiff and its employees, of which the defendants have sought to induce a breach.

The motion papers are also insufficient to justify a finding that threats or intimidation have been used by the defendants in an effort to make the strike effective. The only threat alleged is that " you will be sorry," words which do not necessarily connote

physical violence or bodily harm. Or, that the picketing has caused, or been accompanied by, breaches of the peace.

The motion papers do, however, disclose a case of picketing by signs which contain misstatements and misrepresentations.

A violation of the National Industrial Recovery Act is penalized. The defendants may not convict the plaintiff of a violation of that act, without a hearing, and announce to the world that the plaintiff has been convicted. Moreover, they should not assume to publish the statement that the plaintiff has violated the act. If it has, an orderly procedure is provided for determining the fact. It is not to be left to determination by the defendants. The papers in opposition to the motion are completely silent as to these signs. They do not disavow or deny them.

A temporary injunction will be granted enjoining and restraining the defendants from picketing the premises of the plaintiff by signs which proclaim that President Roosevelt has conferred on any one the rights to organize the plaintiff; or that the plaintiff fights Roosevelt and N. R. A.; or that the plaintiff is unfair to the N. R. A.; or any such charges in substance.

The facts as to the discharge of Gimmoro are in dispute and cannot be determined on the papers. The use of signs proclaiming that he was discharged for joining a union will, therefore, not be enjoined.

Motion granted as indicated, without costs, and denied in all other respects.