WISE SHOE Co., INC., Appellant and Respondent, *v.* SAMUEL S. LOWENTHAL, Individually and as Manager of RETAIL SHOE SALESMEN'S UNION LOCAL 287, Respondent and Appellant, Impleaded with Others.

(Argued January 17, 1935; decided February 26, 1935.)

*Emil Weitzner, Milton S. Gould* and *Benjamin H. Berman* for plaintiff, appellant and respondent. The findings sustain the conclusion of law that the picketing was not peaceable, and that the plaintiff was, therefore, entitled to a permanent injunction restraining all picketing, at least in front of plaintiff's Pitkin avenue store. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *J. H. & S. Theatres* v. *Fay,* 260 N. Y. 315; *Interborough R. T. Co.* v. *Lavin,* 247 N. Y. 65; *Nann* v. *Raimist,* 255 N. Y. 307; *Steinkritz Amusement Corp.* v. *Kaplan,* 257 N. Y. 294; *Stillwell Theatre, Inc.,* v. *Kaplan,* 259 N. Y. 405.)

*Samuel Null* and *Arthur K. Garfinkel* for defendant, respondent and appellant. An injunction should not have been granted because the union had picketed the plaintiff's shop upon the plaintiff's refusal to unionize such shop, and by peaceful persuasion had sought both to convert the plaintiff's employees to its fold and also to win the public's support for its cause. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260; *Nann* v. *Raimist,* 255 N. Y. 307; *National Protective Assn.* v. *Cumming,* 170 N. Y. 315; *Interborough R. T. Co.* v. *Lavin,* 247 N. Y. 65; *Stillwell Theatre, Inc.,* v. *Kaplan,* 259 N. Y. 405; *J. H. & S. Theatres* v. *Fay,* 260 N. Y. 315; *American Steel Foundries* v. *Tri-City Central Trades Council,* 257 U. S. 184; *Interborough R. T. Co.* v. *Green,* 131 Misc. Rep. 682; *Willson & Adams Co.* v. *Pearce,* 240 App. Div. 718; *Wil-Low Cafeterias, Inc.,* v. *Kramberg,* 134 Misc. Rep. 841; *Tree-Mark Shoe Co.* v. *Schwartz,* 139 Misc. Rep. 136.)

Neither the evidence nor the findings supported the drastic, sweeping injunction granted herein. In any event, there should have been no restraint against peaceful picketing and peaceable persuasion. (*Butterick Pub. Co.* v. *Typographical Union No. 6*, 50 Misc. Rep. 1; *Engelmeyer* v. *Simon*, 148 Misc. Rep. 621; *Wilner* v. *Bless*, 243 N. Y. 544; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Interborough R. T. Co.* v. *Lavin*, 247 N. Y. 65; *Stillwell Theatre, Inc.*, v. *Kaplan*, 259 N. Y. 405; *J. H. & S. Theatres* v. *Fay*, 260 N. Y. 315; *Aberon Bakery Co.* v. *Raimist*, 141 Misc. Rep. 774; *Nann* v. *Raimist*, 255 N. Y. 307; *Reed Co.* v. *Whiteman*, 238 N. Y. 545; *Federal Hats, Inc.*, v. *Golden*, 223 App. Div. 701.)

*Per Curiam.* Again we have the labor injunction restraining the defendants from picketing. The principles governing the granting of such injunctions and the limitations upon their terms have been repeatedly stated, yet we find, as do the lower courts, perplexities in application to ever changing circumstances and devices. In this case the plaintiff, operating a chain of shoe stores, opened a new one at 1597 Pitkin avenue in the borough of Brooklyn, New York city, on August 26, 1933. Non-union labor was employed. The Retail Shoe Salesmen's Union of Brooklyn was and is an unincorporated association, and Samuel S. Lowenthal was its manager. Members of this union commenced on the opening night and thereafter continued to picket the premises, walking up and down the sidewalk carrying placards bearing the words: " Please do not patronize this store. They refuse to employ union shoe salesmen. Retail Shoe Salesmen's Union, Local 287, affiliated with the American Federation of Labor, Central Trades Labor Council." Such picketing was peaceful and not illegal. The pickets went further, as is so apt to be the case. They shouted at customers and increased the shouts as customers indicated

a desire to enter the store; some called out that the store was on a strike, which was untrue; customers " were intimidated and put in fear by the conduct and speech of said pickets; " crowds were caused to collect and obstruct the premises of the plaintiff.

On these facts the defendant and his associates have been enjoined, (1) " from threatening or intimidating, directly or indirectly, by placard, or sign, or by word of mouth, or by force or otherwise, any officer or employee of the plaintiff's store at No. 1597 Pitkin Avenue, in the Borough of Brooklyn, City of New York; (2) from in any manner picketing or congregating or loitering in front of the plaintiff's store * * * ; (3) or gathering or causing any crowd to collect there; (4) and from persuading or inducing any person or persons to refrain from patronizing the plaintiff's store * * *." Most of these requirements are in harmony with what this court has heretofore said. Nos. (1) and (3) are justified by the evidence; (2) must be modified so as to permit peaceful picketing with the placard heretofore described, but loitering or congregating in numbers about the premises is prohibited; (4) is modified to this extent — it is not illegal to distribute or circulate handbills or notices describing truthfully the facts of a non-union shop and requesting customers not to patronize it. Even the employees may be requested to join the union (*Stillwell Theatre, Inc.*, v. *Kaplan*, 259 N. Y. 405), but to go further or to annoy the employees or accost the customers may not be done and the injunction covers these acts (*J. H. & S. Theatres, Inc.*, v. *Fay*, 260 N. Y. 315, p. 319). We have to fit the law to each set of facts. There have been and may be cases where all picketing will be forbidden. Such was *Nann* v. *Raimist* (255 N. Y. 307), where the directions of the court were deliberately disobeyed. So, too, there may be cases where the violence and disturbance have been so great and threatening that peaceful picketing is out of the

question; where conduct has been so outrageous that no further chance is to be taken (*Steinkritz Amusement Corp.* v. *Kaplan*, 257 N. Y. 294).

Here, however, the excess has been noise and shouting whereby customers were frightened and crowds collected. We have never gone so far as to hold that wherever acts or words went beyond peaceful picketing, all picketing was to be enjoined. If so there would have been no need for the many modifications of injunction judgments which this court has made. It all depends upon the danger to be reasonably anticipated. We modify this injunction, therefore, to restrain all shouting, collection of crowds, interference of any kind with customers, loitering upon or obstructing the sidewalk or the entrance to the store, and we permit peaceful picketing with sign or placard with truthful legend and persuasion by sign, notice or handbill. Should any of these provisions be violated, application may be made, on notice, to the Special Term to add to the foot of the judgment a provision prohibiting all picketing.

This also disposes of the plaintiff's appeal from the modification by the Appellate Division.

The judgments should be modified in accordance with this opinion, and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment accordingly.