396 FLATBUSH AVENUE EXTENSION REALTY CORPORATION, Appellant, v. THE CITY OF NEW YORK and Others, Respondents, Impleaded with BARNEY ZIRINSKY and Others, Appellants, and LAS-DAUB REALTY CORPORATION, Defendant.*— Judgment unanimously affirmed, with costs, on authority of *Las-Daub Realty Corporation* v. *Fain* (214 App. Div. 8). Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

TOMPKINS HAULAGE CORPORATION, Respondent, v. JEWISH CENTRE OF EAST FLATBUSH, INC., and Another, Defendants, Impleaded with UNITED STATES TRUCKING CORPORATION and Others, Respondents, and FREDBURN CONSTRUCTION CORPORATION and NATIONAL SURETY COMPANY, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

WILLIAM F. WATSON, Respondent, v. S. F. EXCAVATING Co., INC., and Others, Defendants, Impleaded with THE OHIO POWER SHOVEL COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements, in the exercise of discretion. It appears that the funds in the hands of the comptroller of the city of Yonkers will be insufficient to pay in full the liens already filed and the subject of this action, and that the claim on the judgment of the applicant against the contractor is admittedly subordinate to the liens. The only apparent effect of bringing in the applicant as a party would be to delay the parties in obtaining their respective remedies. If there is a surplus, the applicant will be protected in its rights under its third-party order. We cannot assume that invalid liens will be allowed, or that the lienors will receive amounts in excess of their just claims — there being no proper proof on the subject of the invalidity or of exaggerated claims. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

THE WILLSON & ADAMS COMPANY and Others, Respondents, v. PATRICK D. PEARCE, Individually and as Business Agent of Local No. 456 of the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, and Others, Appellants.†—Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. We are of opinion that, upon the record before us, the findings that the defendants were attempting to accomplish unlawful purposes or that they were attempting to accomplish lawful purposes by unlawful means are not supported by the evidence. The primary purpose of the defendants was but to induce the employment of union teamsters, chauffeurs and helpers in the transportation of materials and supplies for use in the erection of buildings upon which union men were employed. Loading in the supply yards and unloading at the points of construction are included in the term "transportation" and the trial court correctly found that such work was a necessary part of the construction. (*Reardon, Inc.,* v. *Caton,* 189 App. Div. 501; *Bossert* v. *Dhuy,* 221 N. Y. 342; *Nat. Protective Assn.* v. *Cumming,* 170 id. 315.) (See, also, *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260, and

---

* Revd., 264 N. Y. 80.  †Affd., 264 N. Y. 521.

*Stillwell Theatre, Inc.,* v. *Kaplan,* 259 id. 405.) The case of *Auburn Draying Co.* v. *Wardell* (227 N. Y. 1), relied upon by the respondents, turned upon a rule of law which has no application here, and that is that the right to make contracts for the purchase of labor of others and the sale of one's own labor is subject to the condition that its exercise in any particular transaction shall not be " inconsistent with the public interests or hurtful to the public order or detrimental to the common good." Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made. Lazansky, P. J., Hagarty, Carswell and Tompkins, JJ., concur; Kapper, J., dissents and votes to affirm on authority of *Auburn Draying Co.* v. *Wardell* (227 N. Y. 1). Settle order on notice. [135 Misc. 426.]