HARRY WEITZBERG and JACOB FEUERSTEIN, Copartners Doing Business under the Firm Name of KEYSTONE BUTTON WORKS, and Another, Plaintiffs, *v.* DAVID DUBINSKY, Individually and as President and General Secretary and Treasurer of the INTERNATIONAL LADIES' GARMENT WORKERS' UNION, and Others, etc., Defendants.

Supreme Court, Special Term, New York County, March 4, 1940.

*Hecht & Glaser*, for the plaintiffs.

*Elias Lieberman* [*Nathaniel H. Janes* of counsel], for the defendants Covered Button Workers Union, Local 121, Ladies Apparel Accessories Council, Morris Fenden, Jack Margolis, Joseph Tuvim and Anthony V. Calace.

*Emil Schlesinger* and *Abraham Schlesinger* [*Nathaniel Drabkin* on the brief], for Ben Evry, individually and as president of Joint Board Dress, etc.

PECORA, J.  In this action brought against two unions and an association of dress manufacturers, plaintiffs seek an injunction to restrain an alleged secondary boycott and an unlawful restraint of trade.  In addition a judgment is asked declaring a certain " accessory clause " in a collective agreement illegal, void and unenforcible. A motion has been made by plaintiffs for a temporary injunction, and the defendants in two separate motions have asked for a dismissal of the complaint.

Plaintiffs are manufacturers of covered buttons and kindred articles, conducting business in the city of New York.  They sell substantially all of their products as accessories to the ladies' apparel industry.  Since March, 1939, plaintiffs have been members of an association of employers known as National Covered Button and Buckle Manufacturers Association, Inc.  Prior thereto they had been members of another employers' association known as Covered Button and Buckles Creators, Inc., from which association, for reasons not appearing in the papers, they resigned in the latter part of 1937.

Defendant International Ladies' Garment Workers' Union is an unincorporated association and defendant Covered Button Workers Union, Local No. 121, is affiliated with said international union. Defendants Joint Board of Dress and Waist Makers Unions of Greater New York, and the Ladies Accessories Council are also affiliated with and under the supervision of the international union.

Plaintiffs allege that the members of United Association of Dress Manufacturers, Inc., are customers of plaintiffs.  In August, 1938, plaintiffs entered into an agreement with Local No. 121 which expired on September 27, 1939.  Prior to the expiration of the agreement plaintiffs through their present association conducted negotiations and conferred with the union for a new agreement. On October 10, 1939, pending these negotiations, a strike was declared against plaintiffs.

Allegations are made that the union has refused to contract with plaintiffs unless they discontinue their membership in their present association and affiliate themselves with the Covered Button and

Buckle Creators, Inc., from which association they had previously resigned.

It is further averred that the union threatened that if their demands were not met, the plaintiffs would be put out of business by the union compelling customers of plaintiffs, who are in contractual relation with the union, to refrain from doing business with plaintiffs.

The unions have heretofore entered into collective agreements with a number of employers' associations which represent practically the entire apparel industry. One such association is the United Association of Dress Manufacturers, Inc., whose members are customers of plaintiffs and who buy their accessories from plaintiffs in connection with the manufacture of dresses.

A collective agreement was signed between that association and the unions on February 21, 1936, which contained among other provisions an " accessory clause," reading as follows: " Members of the Association who purchase or cause to be manufactured belts, covered buttons, neckwear, artificial flowers, embroideries, buckles, hemstitching, pleating and tucking on garments, shall deal only with such firms as are in contractual relations with the Union."

Stripped to its essentials plaintiffs contend that the threatened enforcement of this accessories clause constitutes an illegal restraint of trade and an illegal secondary boycott.

It seems that subdivision 2 of section 340 of the General Business Law adequately disposes of the allegations of restraint of trade. The union defendants are *bona fide* labor unions and are, therefore, cloaked with immunity by virtue of the General Business Law which exempts labor unions from its operation. (*American Fur Mfrs. Assn.* v. *Associated Fur Coat & Trimming Mfrs., Inc.,* 161 Misc. 346; affd., 251 App. Div. 708; *Sainer* v. *Affiliated Dress Mfrs., Inc.,* 168 Misc. 319.) The accessories clause constitutes a logical and essential part of a collective agreement. That its enforcement will cause harm to plaintiffs is no more forceful a reason for declaring it illegal than that which was urged for invalidating the limitation of contractors clause in the *Sainer* case (*supra*). As an integral portion of a collective agreement in which a *bona fide* labor union is a party, it could not and should not be declared illegal, as in restraint of trade.

Nor can the enforcement of this " accessory clause " be considered an illegal secondary boycott. Only recently the Court of Appeals in *Goldfinger* v. *Feintuch* (276 N. Y. 281, 287) said: " a union may request its members not to work upon or with materials bought from a non-union shop or call a strike for such reasons."

Compelling compliance by the parties to the agreement which includes an " accessories clause," in my opinion does not create a secondary boycott. (See *Bossert* v. *Dhuy*, 221 N. Y. 342; *Willson & Adams Co.* v. *Pearce*, 240 App. Div. 718.) Furthermore there is an obvious unity of interest between the unions here and the defendant association. (*Goldfinger* v. *Feintuch, supra.*) Thus the contention of an illegal secondary boycott cannot be sustained.

The motion for a temporary injunction will, therefore, be denied and the respective motions of the defendants to dismiss the complaint are granted. Settle order.