HYMAN WOHL and LOUIS PLATZMAN, Respondents, *v.* BAKERY AND PASTRY DRIVERS AND HELPERS LOCAL 802 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PETER SULLIVAN, Individually and as President of the Said Union, PADDY SULLIVAN, Individually and as an Officer of the Said Union, and HYMAN BERNSTEIN, Individually and as Business Agent of Said Union, All of 265 West 14th Street, New York City, Appellants.

Present — Martin, P. J., O'Malley, Dore, Cohn and Callahan, JJ.; Dore and Callahan, JJ., dissent and vote to reverse and dismiss the complaint; dissenting opinion by Callahan, J.

CALLAHAN, J. (dissenting). Upon the facts found herein, the injunction should not have been granted, and the complaint should have been dismissed. Though plaintiffs had no employees, they were conducting business as part of a widespread system of " peddling " that seriously menaced the standards sought to be maintained by defendant union. " Peddling " means an arrangement whereby former drivers for manufacturers are aided in procuring trucks, and go into business distributing the products of the manufacturers. Such peddlers work seven days a week, and longer than union hours. Defendant union consists of drivers in the same industry. It had a vital interest in maintaining employment of its members, shorter hours, and a day of rest in seven. Therefore, a labor dispute was involved, and it was proper and lawful for it to picket in an orderly manner when defendant wished to protest against the actions of the peddlers. (*Goldfinger* v. *Feintuch*, 276 N. Y. 281.)

In *Thompson* v. *Boekhout* (273 N. Y. 390), relied on as supporting plaintiffs' right to an injunction, there was no proof showing any such menacing system to union labor and working conditions as was disclosed herein.

Further, we find herein a labor dispute within section 876-a, subdivision 10, of the Civil Practice Act, for there was a controversy concerning conditions of employment, and other matter arising out of the employer-employee relationship referred to in the statute. Surely, such matters as working hours and a day of rest relate to conditions of employment; and, if the sellers of manufactured products were aiding plaintiffs in the development of a system which threatened these things, a controversy concerning the working conditions referred to in the statute was presented. It is not essential, under section 876-a, that plaintiffs be the employer of the men whom defendants seek to represent. (*Goldfinger* v. *Feintuch, supra.*) The complaint should have been dismissed for failure to comply with section 876-a. The prior decision of Special Term herein, concerning the non-existence of a labor dispute, does not bind this court as the law of the case. (*Walker* v. *Gerli*, 257 App. Div. 249.)

Even if the present controversy were not one defined in section 876-a, it does not follow that defendants' conduct was unlawful. A legitimate labor dispute may exist outside of those defined in the section. If a union carries on orderly picketing to protect its interests concerning such disputes, its actions are not unlawful. Much of the law developed in this State on the subject of the rights of organized

labor was enunciated before the passage of section 876-a, and the statute was not intended to lessen the rights of labor under the principles so enunciated.

The judgment should be reversed, and the complaint dismissed.

Dore, J., concurs with Callahan, J.