PHILIP BACK, Plaintiff, *v.* ABRAHAM KAUFMAN, as President of Dental Technicians Equity Chapter 101, an Unincorporated Association of Seven or More Members, and Others, Defendants.

Supreme Court, Special Term, New York County, June 10, 1940.

*Latson & Tamblyn* [*Almet R. Latson* of counsel], for the plaintiff.

*Joseph Tauber*, for the defendants.

SCHMUCK, J. Plaintiff seeks an injunction *pendente lite* to restrain defendant union from picketing the premises where he practices his profession as a dentist, asserting that no labor dispute within the purview of section 876-a of the Civil Practice Act exists between himself and the defendant. Other than one female office assistant, he employs no help. In connection with his work it becomes necessary for him to avail himself of the services of various dental laboratories for the construction of plates, bridges, inlays and other prosthetic appliances, and which are all supplied in accordance with his written direction and used by him in connection with professional services rendered to his patrons. Among these was the New Era Dental Laboratory, here sought to be unionized by the defendant. After plaintiff's refusal of the union's demand that he cease purchasing New Era's products, the picketing here sought to be enjoined began and still continues. Defendant resists the present motion on two grounds: *First,* that the unity of interest existing between New Era and plaintiff justifies its conduct in notifying the general public that plaintiff offers for sale a non-union product, and, *second,* that plaintiff's application should be rejected for failure of compliance with the formalities required by the various subdivisions of section 876-a of the Civil Practice Act, where a labor dispute is involved. While *Goldfinger* v. *Feintuch* (276 N. Y. 281) is authority to the effect that " where a *retailer* is in unity of interest with the manufacturer, the union may follow the *non-union goods* and seek by peaceful picketing to persuade the consuming public to refrain from purchasing the *non-union product,*" yet subsequent attempts to extend this doctrine to those other than retailers have invariably been rejected by the courts.

In the matter under consideration it would require considerable stretching of the imagination to bring the plaintiff within the rule as a retailer. He sells no product identifiable by trade name, but, rather, has constructed at his personal direction various appliances, each individual and distinctive, for use by him as an incident to his calling as a professional man (Education Law, § 1300 *et seq.*) in the rendition of skilled services for compensation. The unity of interest necessary to permit defendant the right to picket is lacking and the court holds that the conduct complained of is a true secondary boycott and an unlawful interference with the business of the plaintiff which should be enjoined. The case of

*Allentuck-Brown Dental Laboratories* v. *Kaufman* (N. Y. L. J. June 29, 1940, p. 2935, LEVY, J.), relied upon by defendant, is distinguishable in that a real labor dispute was there involved and has no application to the present proceedings.

In view of the above determination defendant's second contention is of no moment and is disregarded.

Motion granted. Settle order by noon of June 11, 1940. Bond, $250.