DAVID B. JACOBS et al., Plaintiffs, *v.* JAMES R. EISEN, as President of Dental Technicians Equity, Chapter 201, F.A.E.C.T., UOPWA, CIO, an Unincorporated Association, Defendant.*

Supreme Court, Special Term, Queens County, January 14, 1947.

---

* Cf. *Brennan* v. *Eisen*, 188 Misc. 672.— [REP.

*Charles E. Lapp, Jr.,* for plaintiffs.

*Joseph Tauber* for defendant.

Cuff, J. Two motions are before the court. Plaintiffs move for a temporary injunction and defendant moves to dismiss the complaint. The latter will receive first consideration. It projects two questions: Is a " labor dispute " involved? Has defendant the right to picket plaintiffs' offices? The facts are not disputed. Whether defendant is acting within its rights and whether section 876-a of the Civil Practice Act applies are disputed.

The defendant union is composed of dental technicians, whose members are conducting a strike at the plant of their employer, H. Brand Laboratories, Inc., located in the community known as Far Rockaway, Queens County, New York, where it manufactures dentures or false teeth. The plaintiffs are four duly licensed dentists who practice in' Far Rockaway. No member of the defendant union is employed by plaintiffs; nor has any plaintiff working for him, as an employee, a dental mechanic or technician or any person doing his work in whole or in part. The defendant union is picketing the places of business of each of the plaintiffs, carrying signs of which the following is typical:

H. Brand Laboratories on strike.

Dr. Jacob's Office

supplies dentures made by struck laboratory

Help us Win

Dental Technicians Equity, Chapter 201

F.A.E.C.T., UOPWA, CIO.

The factual statement on the signs is true.

By this suit, the plaintiffs would enjoin the picketing. Their complaint presupposes no " labor dispute " between them and the defendant union. As a consequence, the pleading lacks conformity to the requirements of section 876-a of the Civil Practice Act which regulates this kind of litigation when " a labor dispute " obtains. Plaintiffs deny, because they have no direct relationship with the striking dental technicians, that defendant union has a right to picket their offices. The relationship of the Brand company with each plaintiff is not in disagreement between the parties. It is set forth in plaintiffs' brief, page 3 (see, also, defendant's brief, p. 11) as follows: " From time to time, a dentist is called upon to prepare inlays, bridges, false teeth and the like, as a part of his professional

service. For this purpose, he takes an impression from the mouth of the patient. In order to conserve time, and thereby to meet the needs of all of his patients, the dentist sends the impression to a dental laboratory, where a mechanic prepares the inlay, denture or bridge under the direction of the dentist. After the material is prepared from the wax impression, it is returned to the dentist, a fitting is had with the patient, the necessary adjustments are made by the dentist, and the product is then prepared in its final form. The initial preparation of the patient, the removal of teeth, the taking of impressions, the specification of the type and design of the appliance, and the fitting and adjustment represent the professional skill of the dentist. The cost of the material used is a small part of his charge."

A legal controversy will not be removed from the realm of a " labor dispute " simply because plaintiffs and defendant are not related as employer and employee (*Strauss* v. *Steiner*, 173 Misc. 521; see Civ. Prac. Act, § 876-a, subd. 10, par. [c]). If " the case involves persons who are engaged in the same industry, trade, craft or occupation ", there is " a labor dispute " (Civ. Prac. Act, § 876-a, subd. 10, par. [a]). Are plaintiffs and the technicians who work for Brand company " engaged in the same industry, trade, craft or occupation "?

The plaintiff dentists need the services of the technicians to provide for their patients properly. Were the technicians not concentrated in the manufacturer's plant (Brand company), each plaintiff would employ one or more technicians as a part of his office staff and the machinery required to produce dentures would be among his equipment. For purposes of economy and efficiency (plaintiffs say " to conserve time "), plaintiffs accept the services and accommodations of Brand company. The mere physical disassociation of the manufacturing of dentures from plaintiffs' offices will not exclude plaintiffs from the " industry, trade, craft or occupation " which uses those dentures for profit. That manufacturing forms an integral part of the dental business. Such removal would work no change of relationship of the dentists to the technicians who collaborate with them closely in the process of providing dentures for plaintiffs' patients.

If there is a unity of interest between user and manufacturer, the workers who make the product may picket the user's premises, and disclose the fact that the manufacturer's plant is struck. (*Goldfinger* v. *Feintuch*, 276 N. Y. 281.) In the

above case, plaintiff, a delicatessen store owner, sold kosher provisions which he purchased from a nonunion manufacturer. He was denied an injunction to restrain picketing for the reason that "unity of interest" existed. In *People* v. *Muller* (286 N. Y. 281) the court found "unity of interest" where a haberdasher was picketed because he used on his store premises a "burglar alarm system" installed and maintained by the struck manufacturer.

In the case at bar, the "unity of interest" is more pronounced than in those cases cited. The plaintiffs' offices are practically the sales department for Brand company. Taking the impression of the patient's gums in his own office, the dentist passes that mold on to the manufacturer, who produces the denture. Back to the dentist's office goes the newly created denture for fitting in the patient's mouth. Back to the manufacturer again goes the denture for corrections and this shuttling is continued until the dentist is satisfied. It is as if Brand company were the back room or workshop of the dentist's establishment and Brand's employees, the plaintiffs' helpers. Were they the plaintiff's helpers, the work would be done no differently, excepting only the scene of their labors. Plaintiffs and the technicians are engaged in exactly the same occupation. Together they make dentures for particular persons. They are unlike the ordinary manufacturer who constructs for the user who tries to fit himself into the completed article with the aid, perhaps, of alterations. From its inception, each denture is expressly created for one person and eventually finds its way into the mouth of that particular individual. The reason the denture terminates there is because it serves the patient's needs exactly which is due to the combined handicraft of plaintiffs and the technicians, the work of one being indispensable to the work of the other in that combined effort. In this work, they are fellow tradesmen manufacturing dentures for particular persons. Each completed denture, which is accepted and used, is an accomplishment in concerted craftsmanship displayed by the plaintiffs and the technicians. It is the result which they hoped for when they essayed together to produce by their talents the exact denture required by the very person for whom it was fashioned. Their alliance in the manufacturing of the dentures is undetachable. Remove one and the effort fails. Is that not "unity of interest"?

It is of no significance that the plaintiffs fail to itemize in their bills the cost to the patient of the denture supplied. The

way that plaintiffs and Brand company carry on their business establishes that " unity of interest " which serves to classify plaintiffs as persons engaged in the same " industry, trade, craft or occupation " with the technicians and their union. Hence this is a " labor dispute " and the complaint must be dismissed. I cannot follow the opinion of the learned SCHMUCK, J., in *Back* v. *Kaufman* (175 Misc. 169).

Having dismissed this complaint because a " labor dispute " exists, there is no need for me to consider the other point raised by the defendant union, to wit, to sustain the complaint would be to deprive defendant of its right to free expression as guaranteed under the State Constitution (art. I, § 8) and the Federal Constitution (First and Fourteenth Amendments).

The motion for a temporary injunction made by plaintiffs falls. Judgment will be entered dismissing the complaint, with costs.