HAROLD BRENNAN et al., Plaintiffs, *v.* JAMES R. EISEN, as President of Dental Technicians Equity, Chapter 101, F.A.E.C.T., C.I.O., Defendant.

Supreme Court, Special Term, New York County, January 29, 1947.

*George Weisbrod* for plaintiffs.

*Joseph Tauber* for defendant.

STEUER, J. Plaintiffs are dentists. Defendant is a labor union whose membership for the greater part consists of employees in laboratories making dentures and also has dental assistants and dental hygienists among its members. Defendant is engaged in a labor dispute with a dental laboratory, the New Method Dental Laboratory. Plaintiffs are customers of that laboratory in that they have dentures for their patients made in that laboratory. Defendant is picketing plaintiffs' offices. Plaintiffs seek a temporary injunction in an action for a permanent injunction.

The complaint does not attempt to comply with section 876-a of the Civil Practice Act and it is conceded that if this is a labor dispute the action and this motion must fail. It is unnecessary to review the relationship of a dentist with his patient and with the laboratory which makes the denture. It has been determined that no relationship of employer and employee nor of producer and consumer is involved and that picketing under the circumstances constitutes a secondary boycott (*Back* v. *Kaufman,* 175 Misc. 169, and other decisions not officially reported). Defendants rely on *Jacobs* v. *Eisen* (188 Misc. 577) which takes a contrary view and expressly refuses to follow the earlier decisions.

Defendants place their main reliance on a different state of facts. To each of the plaintiffs defendant sent a notice that it wished to organize the employees of the plaintiff's office and to bargain collectively for them. Each of the plaintiffs declined to enter into negotiations. Therefore, defendant says, there is a labor dispute, regardless of the laboratory situation. Defendant would be correct if it were acting in good faith. The affidavits show these particular facts. Defendant limited its campaign of organization to those dentists who obtained their dentures from the laboratory with which it was having its dispute. It made the request of and picketed these dentists whether they had any employees or not. Many have none. Of those that did in some instances the sole employee was a receptionist, an occupation defendant has not hitherto sought to include in its membership. Defendant says that its action is not a subterfuge. The facts say otherwise. .

The motion for an injunction is granted. The motion to dismiss the complaint is denied.