## Sugerman's, Inc., v. Teamsters' Local 229, AFL, et al.

*Gazda & Cottone*, for plaintiff.

*William J. Nealon*, for defendants.

EAGEN, J., April 28, 1954.—Plaintiff seeks a preliminary restraining order until final hearing, enjoin-

ing defendants from picketing its place of business located at 217-19 Wyoming Avenue, in the City of Scranton.

The picketing involved is admittedly peaceful and is not associated with any fraud, violence, breaches of the peace or threats thereof. It originates out of a labor dispute now in existence between members of defendant union and their employer, the Eynon Drug Store, which is located in the town of Eynon, Borough of Archbald, in this county. The employes of defendant union are not only picketing the Eynon Drug Store, the place of their former employment, but also the business place of plaintiff corporation in order to stimulate a settlement of the labor dispute existing in the Eynon store. (The merits of this labor dispute are not involved herein.) The employes of plaintiff corporation are not members of defendant union nor is there any labor dispute at plaintiff's store.

The Eynon Drug Store is solely owned and operated by Harry Sugerman as an individual. Plaintiff is a Pennsylvania corporation, of which Harry Sugerman is the president and owner of 45 shares of stock. His mother is vice president and owner of five shares of stock. The remaining 50 shares issued are owned by Edgar Sebastianelli and his wife.

While plaintiff corporation and the Eynon Drug Store are separate and distinct legal entities the operation of these businesses is so very closely integrated that plaintiff may not in all fairness be classified as a "neutral" in the Eynon Drug Store labor controversy. Hence, this is not, therefore, what is known in the law as a case of a "Secondary Boycott".

The two businesses recently jointly bargained with defendant union and Harry Sugerman represented both employers in the negotiations and executed upon behalf of both a "Stipulation of Recognition". Both firms have frequently advertised together and readily exchange merchandise if one or the other is short on

some particular item. Employes of the drug store service items, such as electrical appliances sold by and through plaintiff's store. In some instances items sold by plaintiff have been delivered and installed by the employes of the drug store. The latter sells to plaintiff hundreds of thousands of dollars of merchandise annually. Certainly, these and other kindred facts clearly disclosed by the testimony manifest a very close relationship between the two businesses involved.

There is no doubt that the State courts have the power and the duty to prevent pickets from leveling economic pressure against third parties having no relationship to the existing controversy (providing the Labor Relations Board does not have exclusive jurisdiction of the situation presented) : Carpenters and Joiners Union of America, Local No. 213 et al. v. Ritters Cafe et al., 315 U. S. 722 (1942). However, if the business picketed is directly involved in the dispute although owned and operated by someone other than a party thereto, the picketing is lawful and may not be enjoined: Bakery & Pastry Drivers & Helpers Local 802 of The International Brotherhood of Teamsters et al. v. Wahl et al., 315 U. S. 769 (1942). Within the limits of peaceful picketing the above is equally true if the business picketed has "a unity of interest" with a business engaged in the labor dispute: Goldfinger v. Feintuch, 276 N. Y. 281, 11 N. E. 2d 910 (1937) and American Brake Shoe Company v. District Lodge 9 of the International Association of Machinists, 373 Pa. 164 (1953). In the last mentioned case the labor dispute originated in a plant in Missouri, yet picketing at a plant in Pennsylvania owned by the same corporation was held to be legal, although no labor dispute existed at the Pennsylvania plant. Whether or not the picketing under these circumstances is proper and within the law depends upon the economic relationship of the picketed business to the primary parties of the dispute. See Cornell Law Quarterly, vol. 38, p. 18.

If the picketing is for a lawful purpose and conducted in a lawful manner, it is protected by the decisions of the Supreme Court of Pennsylvania and the Supreme Court of the United States, irrespective of whether it is done by employes or by strangers: Thornhill v. Alabama, 310 U. S. 88; Carlson v. California, 310 U. S. 106, and Wortex Mills, Inc., v. Textile Workers Union of America, C. I. O., 369 Pa. 359.

In view of our conclusion in the foregoing, it is unnecessary to discuss the question of jurisdiction.

Now, therefore, April 28, 1954, the restraining order requested is denied.