PARK TERRACE CATERERS, INC., et al., Respondents, *v.* PATRICK MCDONOUGH, as President of Blueprint, Photostat & Photo Employees' Union, Local 24910, AFL–CIO, et al., Appellants.

First Department, October 27, 1959.

114

*Burton H. Zuckerman* of counsel (*Abramson, Warshaw & Lewis,* attorneys), for appellants.

*George Chernoff* for respondents.

*Per Curiam.* In this action for an injunction, defendants, officers of a union representing employees of photographic studios, appeal from the granting of a temporary injunction restraining them from picketing the premises of plaintiffs, who are caterers engaged in the business of renting their premises and furnishing food and services for banquets, conventions, weddings, confirmations, and similar events.

The drastic remedy of temporary injunction is not to be granted unless a clear right to the relief demanded is established upon the moving papers. The burden of establishing such an undisputed right is upon plaintiff (*Barricini, Inc.* v. *Barricini Shoes,* 1 A D 2d 905; *Pine Hill-Kingston Bus Corp.* v. *Davis,* 225 App. Div. 182). Hence, plaintiffs were entitled to a temporary injunction only if they had succeeded in showing that there was no labor dispute here, as defined in section 876-a of the Civil Practice Act, but an illegal secondary boycott. That could be done only by establishing on the moving papers that no unity of interest existed between the plaintiffs' catering establishments and those photographic studios with respect to which the union had a grievance (*Goldfinger* v. *Feintuch,* 276 N. Y. 281; *People* v. *Muller,* 286 N. Y. 281; *Empire Smokes* v. *Finch,* 3 A D 2d 503). The existence or nonexistence of such a unity of interest is not dependent upon whether nonunion goods rather than nonunion services are involved, or upon whether a formal contractual relationship subsists between the parties picketed and those in contention with the union, or whether such parties are in the same business.

The facts set forth in the affidavits show that photographers are customarily employed for the affairs held on the premises of the plaintiffs, and that while the caterers do not directly hire any photographers, they can and do recommend photographers to their customers. It is further asserted in the papers that the caterers receive a share of the photographers' profits in the form of a commission or an annual fee, and that over 90% of the photography work on their premises is performed by the studios involved in this labor dispute with the union. It is not clear to what extent such practices prevail, how close the association is, and how much revenue plaintiffs derive from their relationship with the photographic studios. Upon this record it cannot be said that there has been such a clear demonstration of the absence of any unity of interest as to compel the

conclusion that no bona fide labor dispute exists. Nor is it apparent at this stage of the proceedings that any of plaintiffs' union help has refused to cross the picket lines, subjecting them to irreparable injury in the conduct of their business. There is no justification under these circumstances for enjoining the union from attempting to persuade plaintiffs' customers to refrain from employing the services of nonunion photographers. The issues should be fully explored and the entire matter resolved by an early trial.

The order appealed from should therefore be modified, on the law and the facts, and in the exercise of discretion to the extent only of denying the motion for temporary injunction, with costs to appellants. The order, insofar as it denies defendants' motion to dismiss the complaint, is affirmed. We pass on no other questions.

Settle order.

STEVENS, J. (dissenting). I dissent and vote to affirm. In the view I take of this case there is not shown that unity of interest between plaintiffs and the photographic studios which would justify or permit of secondary picketing by the defendants-appellants.

In this connection the language of *Goldfinger* v. *Feintuch* (276 N. Y. 281) upon which the appellants place great reliance is significant. The court said (p. 287): " We do not hold more than that where a retailer is in unity of interest with the manufacturer, the union may follow the *non-union goods* and seek by peaceful picketing to persuade the consuming public to refrain from purchasing the *non-union product,* whether that is at the plant of the manufacturer or at the store of the retailer in the same line of business and in unity of interest with the manufacturer." (Emphasis theirs.) In that case there was the manufacture of a nonunion product and its sale by Goldfinger, a retailer. Clearly there was a unity of interest. The manufacturer and the retailer were in a business for profit, the one manufacturing and the other selling a nonunion product. There the competition of a nonunion with a union product, in terms of the cost of production and the resulting ability to undersell competitors, could prove disastrous to the maintenance of any union wage scale and other legitimate union objectives.

Nor do I think the *Muller* case supports the contention of the appellants (*People* v. *Muller,* 286 N. Y. 281). In that case the company against which the union had a grievance had a contract with the complainant to maintain in a serviceable condition the apparatus which the company had installed some years earlier.

There was thus a continuing relationship based upon or resulting from a contract.

In the instant case the respondents are not in the same business as or with the studios. They neither hire photographers nor are their patrons required to employ photographers as a condition to obtaining respondents' premises or services. An incidental accommodation in the past should hardly be construed to create that unity of interest which would permit of this picketing — particularly where, as here, respondents employ all union help. Nor is this a controversy growing out of terms or conditions of employment, nor one in which the party picketed has such direct and beneficial relation with the person against whom the grievance exists, as to justify as proper, the inevitable consequence of loss of profits and inconvenience to respondents. For it is unrealistic to assume that even peaceful picketing will not seriously interfere with respondents' business.

Botein, P. J., Breitel, McNally and Bastow, JJ., concur in *Per Curiam* opinion; Stevens, J., dissents and votes to affirm in opinion.

Order modified, on the law and on the facts, and in the exercise of discretion, to the extent only of denying the motion for temporary injunction, with costs to the appellants. The order, insofar as it denies defendants' motion to dismiss the complaint, is affirmed. We pass on no other questions.

Settle order.