Daniel G. Albert, J.
In this action for a declaratory judgment, plaintiffs seek a declaration that defendants are in violation of certain provisions of the law of this State which forbid political influence and prohibit assessments in connection with civil service employment or promotion. It is brought by four civil service employees for themselves and "on behalf of all persons similarly situated,” Norman Blankman as a resident and taxpayer of Nassau County, Action Where Action Requires Electorate, Inc. (A.W.A.R.E., Inc.) and the Civil Service Merit Council. Named as defendants are Joseph F. Margiotta, individually and as County Leader of the Nassau County Republican Committee (sic); Ralph G. Caso, individually and as County Executive of the County of Nassau; the County of Nassau; the Civil Service Commission of the County of Nassau and the New York State Civil Service Commission.
Plaintiffs seek a judgment declaring that the defendants have violated sections 61 and 107 of the Civil Service Law and section 6 of article V of the New York State Constitution. Essentially, these provisions of State law require that appointments and promotions in the civil service be made on the basis of merit and fitness and that civil service employees be immune from political assessments. Appointment or promo *811 tion on the basis of political affiliations is likewise prohibited. Plaintiffs further seek a permanent injunction enjoining alleged violations of law as well as a preliminary injunction for said relief. Money damages are also sought.
Pursuant to CPLR 3211 (subd [a], pars 3, 7), all of the above-named defendants have cross-moved, inter alia, to dismiss the complaint entirely for failure to state a cause of action or, alternatively, to dismiss the complaint with respect to certain plaintiffs who allegedly lack standing to sue herein.
The motion for a preliminary injunction and the cross motions to dismiss are disposed of as follows: the application for a preliminary injunction is denied and the cross motions to dismiss the complaint for failure to state a cause of action are granted. In view of the dismissal of the complaint, the court does not reach the question of standing although there is a serious question as to whether any of the plaintiffs, other than the four civil service employees, have standing to bring this action.
With respect to the class action aspect of the instant case, the court determines that a class action does not lie herein. Plaintiffs seek money damages for themselves and for all others similarly situated who allegedly were coerced into contributing funds to the Republican Party in Nassau County. This class action is purportedly brought pursuant to CPLIfc 1005 (subd [a]) which allows a class action "where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous”. Though there have been recent indications by the Court of Appeals that the restrictive interpretation accorded to CPLR 1005 may no longer be viable (Moore v Metropolitan Life Ins. Co., 33 NY2d 304, 313), the plaintiffs have failed to demonstrate to this court that a more liberal interpretation of CPLR 1005 is warranted in this action.
The alleged class herein is composed of civil service employees similarly situated as the four civil service employee plaintiffs. Plaintiffs offer no definition of the class of others "similarly situated.” As a matter of law, separate wrongs to separate persons, even if pursuant to a common plan do not alone create a common or general interest (Society Milion Athena, 281 NY 282, 292; Dennis v Long Is. Light. Co., 78 Misc 2d 400, 402; Fisher v Health Ins. Plan of Greater N. Y., 67 Misc 2d 674, 677; Young v Shuart, 67 Misc 2d 689, 691). Each aggrieved person is entitled to determine for himself the *812 appropriate remedy that he will seek if he so desires and, as Judge Fuld noted in Gaynor v Rockefeller (15 NY2d 120, 129-30), in an alleged class action against the State charging discriminatory practices, "each individual claim might be subject to defenses not available against others; and, in general, determination of the merits of each claim would turn on the particular facts and circumstances involved.” Such a situation prevails in the case at bar, as the wrongs asserted are individual to the different persons involved, different remedies are available to each member of the alleged class and varied defenses are available to the defendants on any individual claim asserted. The class action, therefore, is improperly brought.
Plaintiffs’ application in which they seek a preliminary injunction restraining defendants from allegedly violating section 107 of the Civil Service Law is denied. In essence, plaintiffs seek to declare that defendants have committed crimes (certain violations of section 107 are a crime) and pending said declaration, to enjoin alleged violations of the law and reprisals.
The application fails for a number of reasons. The papers submitted in support of the application fail to establish that the plaintiffs are entitled to the drastic relief of a preliminary injunction (Town of Southeast v Gonnella, 26 AD2d 550; Park Terrace Caterers v McDonough, 9 AD2d 113). Not only do the papers fail to establish a right to the relief sought, but also they fail to demonstrate irreparable damage from the nonissuance thereof (Graves v Lombardi, 42 AD2d 700; Allied-Crossroads Nuclear Corp. v Atcor, 25 AD2d 643, 644).
It is also well established that a court of equity will not enjoin the commission of a crime unless the public health, morals, safety and welfare of the community require protection, or where a property right is being violated (People ex rel. Bennett v Laman, 277 NY 368, 376). In the case at bar, the health and welfare of the community is not involved, nor have plaintiffs demonstrated to the satisfaction of this court that any of their property rights are in imminent danger of being irreparably damaged. The application fails for yet another reason. Plaintiffs must show as to the alleged conduct in question that the law was violated and that "the proper public officials were duly notified, requested to act in accordance with applicable law, but failed to do so.” (Gaynor v Rockefeller, 21 AD2d 92, 98, affd 15 NY2d 120.) This, plaintiffs have utterly *813 failed to do. Under such circumstances, the court will not summarily grant the drastic remedy of injunction against public officials who are presumed to perform the duties of their office (Richardson, Evidence [10th ed], § 72, p 49).
Turning to the cross motions of all of the named defendants to dismiss the complaint, the cross motions are granted. The allegations of the complaint are fatally defective in that said allegations are totally speculative and conclusory and fail to state a cause of action against the named defendants.
The complaint itself is replete with improper designations of defendants as well as the structure of the Republican Party in Nassau County. In addition, there are several interlineations in the complaint which apparently plaintiffs’ counsel did not see fit to transcribe on a newly typed page. In one instance, the additional written material significantly tones down one of the plaintiffs’ allegations as originally drawn, when apparently required to swear to it. With respect to the substance of the complaint, and the court uses the word substance advisedly, there appears the following allegation in paragraph X: "Heretofore and on or about September 17,1974 and on divers times prior thereto, plaintiff Lorraine C. Cullen, while a civil service employee of Nassau County Probation Department and an eligible for promotion, it was suggested that she would not be promoted if she refused to make money contributions to the Republican Club and upon her refusal to comply, she was, in fact, denied promotion in violation of law, due process and deprived of her civil rights.” Nowhere is there any allegation of how any of the named defendants or their respective agents, servants or employees were actually involved in this alleged conspiracy (paragraph XIX) which would justify this court in granting the relief sought. Paragraphs XI, XII, XIII suffer from the same infirmity as paragraph X, that is, the allegations contained therein are totally speculative. Paragraph XV merely concludes that defendants have violated the Civil Service Law.
It is well settled law that "a pleading which, fairly construed, fails to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground.” (Gerdes v Reynolds, 281 NY 180, 184; Kalmanash v Smith, 291 NY 142, 153; Manno v Mutual Benefit Health & Acc. Assn., 18 Misc 2d 80, 82.) Such is the case here. In determining the legal sufficiency of the complaint, the court is mindful of the mandate of CPLR 3026 that *814 pleadings be liberally construed and that "a pleading is deemed to allege whatever can be implied from its statements by fair intendment.” (Cohn v Lionel Corp., 21 NY2d 559, 562; Kober v Kober, 16 NY2d 191, 193.) Considering the entire complaint and assuming the allegations therein to be true (Denihan Enterprises v O’Dwyer, 302 NY 451, 458), the court finds that at best, plaintiffs were allegedly prejudiced by the "suggestion” or "instructions” of certain unnamed individuals.
Guided by the aforesaid principles of law applicable herein, the court determines that any alleged prejudice suffered by the plaintiffs does not translate into stating a cause of action against the named defendants. To allow such a pleading to stand would be a perversion of the basic requirements of the CPLR and contrary to the fundamentals of the art of pleading.
The court is impelled to comment further on the complaint herein. The court is certainly in agreement with the proposition that violations of the Civil Service Law should not be tolerated. However, the complaint in this action in no way alleges facts sufficient to connect any of the named defendants with the serious charges alleged against them, nor does it give the defendants or the court notice of the alleged transactions intended to be proved (CPLR 3013). The affidavits submitted in opposition to the cross motions (some of which are unsworn) do not cure the malady of the complaint. Accordingly, the complaint is totally defective due to its speculative and conclusory nature and its attempt to hold the defendants, all of whom hold high public office, responsible for acts "with or without full knowledge of all the facts” (paragraph XIX) without connecting the defendants in any manner to the allegations in the complaint.
In sum, plaintiffs’ application for a preliminary injunction is denied and defendants’ cross motions to dismiss the complaint are granted, without leave to replead (CPLR 3211, subd [e]).