ELIZABETH ARDEN SALES CORPORATION, Plaintiff, *v.* PETER K. HAWLEY, Individually and as President of United Office and Professional Workers of America, Local No. 16, and SIDNEY REID, Individually and as Secretary, etc., Defendants.*

Supreme Court, Special Term, New York County, February 26, 1941.

* Affd., 261 App. Div. 953.

*Townley, Updike & Carter,* for the plaintiff.

*Boudin, Cohn & Glickstein,* for the defendants.

STEUER, J. Plaintiff is a corporation engaged in the sale of cosmetics and in conducting a beauty salon. Another corporation closely affiliated with plaintiff manufactures cosmetics. For the purposes of this action these corporations will be regarded as a single entity. One of the ingredients used by plaintiff in the manufacture of certain cosmetics is a so-called carnation oil which it purchases from L. Sonneborn Sons, Inc. This company is currently involved in a labor dispute with defendant labor union. In the course of that dispute and as a tactical step in it defendant requested plaintiff not to purchase any of the products of L. Sonneborn Sons, Inc., on pain, if refused, of having its salon picketed. Plaintiff did not comply with the request. Picketing followed. The action seeks relief by way of injunction and the motion is for a temporary injunction. It is conceded that section 876-a of the Civil Practice Act was not complied with and on this concession defendant asks for a dismissal of the complaint.

Ordinarily a secondary boycott is illegal and does not involve a labor dispute within the meaning of section 876-a of the Civil Practice Act. But there is a recognized exception. A union may picket against a product of a manufacturer with whom it is engaged in a labor dispute if there is a unity of interest between the manufacturer and the person whose premises are picketed (*Goldfinger* v. *Feintuch,* 276 N. Y. 281.) One who retails the product is unified in interest. One who merely uses it as a consumer is not, even though he may be engaged in business. (*Canepa* v. *"John Doe,"* 277 N. Y. 52.) Thus a retailer who uses appliances or signs in his store is not unified in interest with the manufacturer. (*Weil & Co., Inc.,* v. *"John Doe,"* 168 Misc. 211.) Also a professional man who uses products in the course of his professional ministrations has no unity of interest with the manufacturer. (*Back* v. *Kaufman,* 175 Misc. 169.) It would follow that a manufacturer is not allied in interest with those who sell him the ingredients which are involved in the making of the product he sells. It is conceivable that questions of degree may arise where unity of interest will depend on the

extent of similarity between the article retailed and the ingredient purchased. The papers on this motion do not raise this question though they do suggest the argument.

Motion for injunction granted. Motion to dismiss complaint denied. Settle order.