ENGLANDER COMPANY, INC., et al., Appellants-Respondents, *v.* SOL TISHLER, Individually and as President of Bedding, Curtain & Drapery Workers' Union, Local 140, C. I. O., et al., Respondents-Appellants.

First Department, May 19, 1952.

*Melvin A. Albert* of counsel (*Allan D. Emil,* attorney), for appellants-respondents.

*Leonard B. Boudin* of counsel (*Shapiro, Rabinowitz & Boudin,* attorneys), for respondents-appellants.

*Per Curiam.* Order granting temporary injunction reversed, with $20 costs and disbursements, and motion denied. Order denying defendants' cross motion to dismiss the complaint reversed, with $20 costs and disbursements, and motion granted.

No complaint has been made as to the contents of the pickets' signs displayed or leaflets distributed by them. The question before us on this appeal is the right of the defendants to picket at all in front of a store selling Englander products. We hold that defendants are entitled to picket to convey to the public the information that Englander employees are on strike and to ask the public not to buy Englander products. This case therefore falls within section 876-a of the Civil Practice Act. (See *Goldfinger* v. *Feintuch,* 276 N. Y. 281.)

SHIENTAG, J. (concurring). I concur to reverse the orders granting temporary injunction and denying defendants' cross motion to dismiss the complaint on the ground that a labor dispute is involved within the meaning of section 876-a of the Civil Practice Act and the complaint fails to allege compliance with the provisions of that section.

It should be pointed out, however, that the complaint, under its allegations and its broad prayer for relief, seeks to enjoin the union from picketing against all Englander products whether purchased by the retailers before or after the strike of Eng-

lander employees. Indeed, the complaint, in one of its allegations, charges an unlawful threat by the union against the retailers to prevent them from "ordering any further merchandise from the plaintiff, The Englander Company, Inc.", and it is further alleged that "in order for plaintiff, Ludwig Baumann & Company, to be in a competitive position with other department stores in the City of New York, it is required to stock and offer for sale the products of plaintiff, The Englander Company, Inc.". With the dismissal of the complaint for noncompliance with the provisions of section 876-a of the Civil Practice Act, the injunction *pendente lite* necessarily falls.

COHN, J. (dissenting in part). Defendant union appeals from an order granting a temporary injunction against picketing the products of customers of plaintiff, The Englander Company, Inc., which were manufactured by it prior to April 1, 1952 (the date when employees of Englander went on strike) and an order denying the union's cross motion to dismiss the complaint for insufficiency. Plaintiffs (the employer and a retailer) appeal from so much of the order as limits the injunction against picketing to the extent of enjoining only the selling of the products of plaintiff manufactured prior to April 1, 1952.

There are no issues of fact. The factory of Englander is closed as a result of a strike called on April 1, 1952. Englander makes no complaint with respect to picketing of its plant, which is being peacefully conducted. However, the union has instituted picketing against plaintiff, Ludwig Baumann & Co., a customer of Englander. It is urged that this picketing constitutes an illegal secondary boycott. Special Term granted an injunction with respect to merchandise being sold by any customers of Englander which was manufactured prior to April 1, 1952, the date when the strike had been called against Englander.

The record establishes that the picketing of plaintiff Baumann and other customers of Englander by defendant union is directed at compelling such customers to cease doing business with Englander. This is a secondary boycott which is illegal. Such boycott is not directed at a nonunion product since Englander had always employed members of the defendant union and the merchandise at which the boycott was directed had been manufactured by the members of this very union and bears defendants' union label. The union in effect is here picketing its own product manufactured by its own members and purchased by Baumann prior to the commencement of the strike. While secondary picketing is permissible where it will aid in the attain-

ment of legitimate labor objectives, the activity should be enjoined where, as here, damage will be done to innocent third parties without any benefit to labor. This case is distinguishable from *Goldfinger* v. *Feintuch* (276 N. Y. 281) which involved nonunion products. Here it is not disputed that the plant of Englander has been closed since April 1, 1952, and no nonunion products produced by Englander during the period of the strike are available for sale by plaintiff Ludwig Baumann. The restraining order applies only to goods manufactured by Englander and doubtless was intended to apply only to such goods purchased by its customers prior to April 1, 1952. The order granting a temporary injunction should be modified by limiting its scope to merchandise manufactured by Englander before April 1, 1952, and purchased by plaintiff Baumann and other customers before that date.

The complaint is sufficient insofar as it demands relief from picketing as to merchandise manufactured by Englander and purchased by its customers prior to the date of the strike, to wit: April 1, 1952. Section 876-a of the Civil Practice Act has no application to such a state of facts inasmuch as the activity involves an illegal secondary boycott. Ludwig Baumann is an innocent party, and it is only selling union goods manufactured by the members of defendant union before the strike had begun. The constitutional right of the union to publicize its dispute with Englander is not unlimited and unrestrained so that it may exercise such right to the detriment of innocent parties. The order denying the union's cross motion to dismiss the complaint for insufficiency should, accordingly, be affirmed.

On plaintiffs' appeal it is urged that the order granting a temporary injunction should be broadened to restrain picketing of customers of Englander regardless of the date of manufacture of the goods sold by such customers. Plaintiffs have admitted in effect that a secondary boycott against nonunion goods is legal and permissible. Accordingly, the limitation restraining picketing in this case against customers of Englander who sell only such products of Englander as were manufactured prior to the date of the strike is entirely proper. These goods are union products, whereas any goods manufactured by Englander after April 1, 1952, the date when the strike began, might be of nonunion variety and would thus properly be subject to picketing at stores of the Englander customers.

The order granting the temporary injunction should be modified as indicated above and the order denying the motion to dismiss the complaint for insufficiency should be affirmed.

PECK, P. J., and CALLAHAN, J., concur in *Per Curiam* opinion; SHIENTAG, J., concurs in opinion; COHN, J., dissents and votes to modify the order granting the temporary injunction and to affirm the order denying the motion to dismiss the complaint for insufficiency in a dissenting in part opinion in which DORE, J., concurs.

Order granting temporary injunction reversed, with $20 costs and disbursements, and the motion denied. Order denying defendants' cross motion to dismiss the complaint reversed, with $20 costs and disbursements, and the motion granted. Settle order on notice.