John J. Dillon, J.
The plaintiff moves for a preliminary injunction, and the defendants cross-move for summary judgment dismissing the complaint. The action is for a declaratory *418 judgment determining that General Ordinance No. 38-1970, adopted by the City of Yonkers in December of 1970, is void, and for an injunction restraining the city from enforcing the ordinance.
The ordinance in question undertakes to regulate the private rental car industry within the City of Yonkers, and for that purpose requires that such cars be inspected and licensed. In addition, it provides that private rental cars be designed with four doors and be equipped with a heater, rear view mirrors, windshield wipers, interior light, safety glass, and other equipment, all of which seems to be standard and normal equipment for a modern automobile intended for public use. There are further requirements as to the maintenance of private rental vehicles, and provisions for periodic inspections.
The complaint alleges in general language that the ordinance violates the Federal and State Constitutions; that the State has pre-empted the field; that the ordinance constitutes an unreasonable exercise of the city’s police power; and that the State never delegated to the city the power to adopt the ordinance.
The city has submitted affidavits in support of the cross motion to dismiss, from which it appears that during the past several years numerous complaints have been received by the local police department concerning the run-down condition of private rental cars. It is said that investigations have in particular instances substantiated such complaints, disclosing that such vehicles are unsanitary, in a state of disrepair, having mechanical and other defects. The plaintiff questions the correctness of such claims, asserts that the penalties for violation of the Vehicle and Traffic Law are adequate, and says in effect that the local ordinance is an attempt to destroy the business of private car rentals in the City of Yonkers.
The issues for determination are whether the city has the power to regulate this industry through supervision, inspection and licensing, and if so, whether the ordinance adopted for this purpose is reasonable.
The constitutional attack on the ordinance is based upon the due process provisions of the Federal Constitution (14th Arndt., § 1) and the equal protection provision of the State Constitution (art. I, § 11). It is easy enough to raise these objections, and perhaps it is for this reason that the courts have held that one who attacks the constitutionality of a municipal ordinance has the burden of establishing its invalidity beyond a reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215; Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537). Moreover, there is a *419 rebuttable presumption that there exists a factual basis and necessity for the enactment of the ordinance, of which the legislative body was cogñizant at the time it acted (Matter of Davis v. Board of Elections, 5 N Y 2d 66; Matter of Spielvogel v. Ford, 1 N Y 2d 558, 562, app. dsmd. 352 U. S. 957). The plaintiff has failed to offer proof sufficient to overcome the presumption of constitutionality.
There is no merit to plaintiff’s contention that the State did not delegate power to the city to enact the ordinance which is under attack. The ordinance falls within the broad permissible area provided for under subdivision 13 of section 20 of the General City Law which empowers a city to regulate and license occupations and businesses in order to “ preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto ’ ’.
The plaintiff cites People v. Cassese (43 Misc 2d 869) in support of its argument that the ordinance is unconstitutional. There is only a superficial resemblance between that case and the present one. There the question was whether a private rental vehicle was a “ taxicab ” within the meaning of an ordinance regulating the taxicab industry. If the question had been answered in the affirmative, the effect of the ruling would have been that private rental vehicles had to be equipped with taximeters, medallions, lettering, license frames and photographs of drivers. The court found that compliance with that ordinance would virtually eliminate the distinction between the taxi business and the private rental vehicle business, and would in effect destroy the latter business. In holding the ordinance unconstitutional it was held that there was a broad difference between regulation and prohibition, and that (p. 877) “ when regulation becomes destruction, it ceases to be regulation. ’ ’
The ordinance now under consideration contains none of the objectionable features contained in the taxicab ordinance. It is not unreasonable, arbitrary or capricious. Accordingly, the attack predicated upon the contention that the ordinance constitutes an unreasonable exercise of police power must be rejected (cf. Grossman v. Baumgartner, 17 N Y 2d 345).
Finally, it is urged that the ordinance is invalid on the ground that it conflicts with overriding State policy (cf. Abbott House v. Village of Tarrytown, 34 A D 2d 821). Although the State has undertaken to regulate and control the operation and licensing of motor vehicles in general, it has not enacted legislation specifically relating to that phase of the private rental car business in which the plaintiff is engaged. The local ordinance does *420 not prohibit what the State law allows, nor does it permit what the State law forbids, and therefore it is not inconsistent with State legislation (Wholesale Laundry Bd. of Trade v. City of New York, 17 A D 2d 327, affd. 12 N Y 2d 998). In fact, even where a local law stipulates a more severe penalty than does the State law, this will not vitiate the local law (People v. Lewis, 295 N. Y. 42). The court is satisfied that the local ordinance does not prohibit anything expressly permitted under the State law (cf. Jewish Consumptives’ Relief Soc. v. Town of Woodbury, 230 App. Div. 228, affd. 256 N. Y. 619).
For all of the foregoing reasons, the court denies plaintiff’s motion for a preliminary injunction and grants defendants’ cross motion for summary judgment determining that the ordinance is valid and enforceable. The temporary restraining order contained in the order to .show cause is vacated.