■ EARL GRAVES et al., as Taxpayers of the Town of North Castle, Appellants, v. JOHN LOMBARDI et al., Individually, and Constituting the North Castle Town Board, et al., Respondents.— In this declaratory judgment action, plaintiffs-taxpayers appeal from an order of the Supreme Court, Westchester County, dated August 24, 1972, which denied their motion for an injunction, *pendente lite,* enjoining defendants from retaining special counsel to assist in opposing the implementation by the Urban Development Corporation, a New York State Agency, of its plans to construct housing units in the Town of North Castle, pursuant to legislative authority. Order affirmed, with $20 costs and disbursements. At the time the instant motion was made, the Urban Development Corporation (UDC) had not finalized any plan as to what type of housing units it expected to construct, and where in the defendant town they would be constructed. Further, at that time no resolution had, or could have, been adopted by the Town Board, authorizing counsel retained by it to institute an action to invalidate, on constitutional or other grounds, such indefinite plan of public housing. As appears from Special Term's decision, the questions when the motion for the injunction was presented were two in number: (1) whether the board had the power to engage special counsel, who would advise the town and its attorney on the right of UDC lawfully to proceed with the construction of public housing units in a manner subsequently to be finalized by it; and (2) whether the town should oppose such hypothetical UDC plan on constitutional or other grounds. Thus, the only temporary injunction that then might have been granted would have been to enjoin the defendants from proceeding with their retainer of counsel to collaborate with the Town Attorney in counseling them on such matters. Injunctions *pendente lite,* should be sparingly issued. A clear legal right thereto, and irreparable damage from the nonissuance thereof must be present before such relief may be granted (*Kane v. Walsh,* 295 N. Y. 198, 205; *Town of Southeast v. Gonnella,* 26 A D 2d 550; *De Candido v. Young Stars,* 10 A D 2d 922; *Flack v. Shelter Harbor Assn.,* 35 Misc 2d 321). Under section 20 (subd. 2, par. [a]) of the Town Law, a Town Board is expressly authorized to engage special counsel to assist the town's attorney in litigation or other matters affecting the town. In the circumstances, plaintiffs demonstrated no clear legal right to an injunction *pendente lite.* Latham, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.

■ SOL HABER et al., Appellants, v. CROSS COUNTY HOSPITAL, Respondent.— In a negligence action to recover damages for personal injuries sustained by plaintiff Rae Haber and for loss of services and medical expenses incurred by her husband, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated September 26, 1972, which denied their renewed motion for a trial preference pursuant to CPLR 3403. Order reversed, and renewed motion granted, with $20 costs and disbursements. Plaintiff Rae Haber is now 73 years of age and the unrefuted medical proof indicates " with a reasonable degree of medical certainty " that she is unlikely to survive the normal delay to be expected before this type of action reaches trial. Under these circumstances, it was an improvident exercise of discretion to deny the motion. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

