■ KELLY'S RENTAL, INC. et al., Respondents, v CITY OF NEW YORK et al, Appellants.—In an action for a declaratory judgment and injunctive relief, defendants appeal from two orders of the Supreme Court, Queens County, (1) one dated December 18, 1974, which granted plaintiffs' motion preliminarily to enjoin defendants from issuing summonses under sections 2305 and 2306 of chapter 65 of the Administrative Code of the City of New York (Local Laws, 1971, No. 12 of City of New York, § 4) for a stated period of 30 days and (2) the other dated January 20, 1975, which modified the first order to permit the issuance of summonses for a stated period ending on April 18, 1975 for violation of the solicitation law, as defined in said sections. Orders reversed and motion denied, with one bill of $20 costs and disbursements to cover both appeals. Plaintiffs, who are allegedly in the business of private car rental by prearrangement, have been served by defendants' representatives with a number of summonses for noncompliance with the above-mentioned sections 2305 and 2306, which regulate the licensing of drivers of taxicabs and limousines and provide penalties for noncompliance. Plaintiffs seek a judgment declaring that the New York City Taxi and Limousine Commission lacks jurisdiction over them and that all summonses issued by it are void, and enjoining defendants from instituting any criminal action or proceeding of any nature against plaintiffs under the New York City Charter and the Administrative Code in relation to the jurisdiction of the commission. A motion by defendants to dismiss the complaint for failure to state a cause of action was before Special Term at the same time that plaintiffs' motion for a preliminary injunction was, as appears from the recitals in both orders now under review. However, neither order contains an express provision passing on the motion to dismiss. Nevertheless, in a decision rendered by Special Term after the making of the second order now under review, it is stated that that motion has "previously been denied by order of this court." The express purpose for the creation of the commission was the improvement of taxi and limousine service and the establishment of an overall public transportation policy governing taxi, coach and limousine services (New York City Charter, § 2300). The jurisdiction of the Commission expressly includes the regulation of the business of "transportation of persons by licensed vehicles for hire" (Charter, § 2303). The legislative findings of the Council of the City of New York in adding chapter 65 of the Administrative Code, by the above-men-

tioned local law, were that "the business of transporting passengers for hire by motor vehicle in the city of New York is affected with a public interest * * * and must therefore be supervised, regulated and controlled by the city" (Administrative Code, § 2301). A "limousine" is defined in said chapter 65 as "a motor vehicle carrying passengers for hire in the city * * * and not permitted to accept hails from prospective passengers in the street" (Administrative Code, § 2302, subd [g]). The constitutionality of legislation regulating the "private rental car" business has been upheld by us (Main Private Car Serv. v Mayor, City of Yonkers, 37 AD2d 1044, affg 71 Misc 2d 417, app dsmd 30 NY2d 790). It is not clear that plaintiffs' admitted business of "private car rental" by prearrangement is not the business of "transportation of persons by licensed vehicles for hire", which is the express subject of the commission's jurisdiction. It is the policy of this court that a preliminary injunction not be granted where the plaintiff's ultimate right involved is in doubt, as in the instant case (Russian Church of Our Lady of Kazan v Dunkel, 34 AD2d 799; Graves v Lombardi, 42 AD2d 700). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Brennan, JJ., concur.