■ KELLY'S RENTAL, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In an action for a declaratory judgment and injunctive relief, defendants appeal from two orders of the Supreme Court, Queens County, the first, entered March 18, 1975, *inter alia,* (1) granted plaintiffs' motion to preliminarily enjoin defendants from issuing summonses under

sections 2305 and 2306 of chapter 65 of the Administrative Code of the City of New York until the final determination of this action and (2) denied defendants' cross motion to dismiss the complaint for failure to state a cause of action and the second, entered November 25, 1975, denied defendants' motion for summary judgment. Order entered November 25, 1975, reversed, on the law, without costs or disbursements, motion granted, and it is declared that plaintiffs' businesses, of private car rental by prearrangement, are subject to the jurisdiction of the defendant commission and to the provisions of chapter 65 of the Administrative Code, which is applicable to limousines; complaint otherwise dismissed and preliminary injunction vacated. No fact findings were presented for review. Appeal from the order entered March 18, 1975 dismissed as academic, without costs or disbursements, in view of our disposition of the appeal from the order entered November 25, 1975. Plaintiffs, who are in the business of private car rentals by prearrangement, have been served by defendants' representatives with a number of summonses for noncompliance with sections 2305 and 2306 of the Administrative Code, which regulate the licensing of drivers of taxicabs and limousines and provide penalties for noncompliance. Plaintiffs allege that the vehicles used by them are ordinary four-door sedans and that their business is obtained only by requests for service by telephone calls or personal contact at their respective places of business. They further point out that their drivers do not solicit business while cruising the streets of the City of New York, thus distinguishing their vehicles from ordinary taxicabs and from the vehicles which have come to be known as "gypsy cabs". By this action, the plaintiffs seek a judgment (1) declaring that the New York City Taxi and Limousine Commission does not have jurisdiction over the private livery industry and (2) enjoining the issuance of summonses, as well as related declaratory and injunctive relief. In our opinion there are no factual issues which must be resolved at a trial. The essential issue of whether the plaintiffs' businesses are within the jurisdiction of the defendant commission is a pure question of law within the province of a court to determine; it merely involves the construction to be given to relevant statutes or regulations. Thus, Special Term erred in not finally disposing of the action and in setting it down for a trial. Accordingly, we embark upon a consideration of the substantive issues raised. It is clear from the record on this appeal that the only basis upon which the defendant commission can assert jurisdiction over the plaintiffs is if it is found that the vehicles operated by them came within the statutory definition of "limousine". A "limousine" is defined by chapter 65 of the Administrative Code as "a motor vehicle carrying passengers for hire in the city * * * and not permitted to accept hails from prospective passengers in the street" (Administrative Code of City of New York, § 2302, subd g). As was recently noted in *Boston Private Car Corp. v City of New York* (NYLJ, Oct. 16, 1975, p 8, col 1): "No factual issue is raised which would place plaintiffs' businesses outside the definition of 'limousine' contained in the Administrative Code. The term as defined in unambiguous language is broad enough to encompass their business operations. This language does not contain any words which would create any exemption for the businesses of plaintiffs." We find unpersuasive the arguments asserted by plaintiffs in an attempt to create ambiguity where none exists (see *Boston Private Car Corp., supra).* When viewed within the over all scheme and intent of chapter 65 of the Administrative Code, it cannot be said that plaintiffs' businesses are beyond the regulation of the defendant commission. The legislative finding of the City Council of the City of New York, in adding the above-cited chapter, was that "the

business of transporting passengers for hire by motor vehicle in the City of New York is affected with a public interest * * * and must therefore be supervised, regulated and controlled by the city" (Administrative Code, § 2301). No matter what term or appellation plaintiffs use to describe the nature of their businesses, it is clear that they are engaged in "the business of transporting passengers for hire by motor vehicle in the City of New York." The plaintiffs' constitutional arguments are similarly without merit (see *Main Private Car Serv. v Mayor, City of Yonkers,* 71 Misc 2d 417, affd 37 AD2d 1044, app dsmd 30 NY2d 790; *Boston Private Car Corp., supra).* Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.