OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered May 19, 1977 (Lander, J., at trial and sentence) convicting the defendant of being an unlicensed limousine operator (Administrative Code of City of New York, § 2305, subd a) reversed and complaint dismissed. Judgment of conviction rendered May 19, 1977 (Lander, J., at *690 trial and sentence) convicting the defendant as advertising as a hack (Administrative Code, § 2306, subd c) is affirmed.
Defendant, in his brief on appeal, concedes that the evidence adduced at trial supports the charge that he was operating a vehicle with "car service” signs on it, in violation of subdivision c of section 2306 of the Administrative Code and his conviction of that charge should stand.
It is our opinion, however, that defendant’s conviction of being an unlicensed limousine operator cannot stand. Subdivision g of section 2302 of the Administrative Code provides that a limousine is a vehicle "for hire * * * designed to comfortably seat a maximum of eight passengers”. It is quite clear that a vehicle such as the defendant was operating at the time of his arrest, which has five seats, cannot "comfortably seat a maximum of eight passengers.”
In Kelly’s Rental v City of New York (52 AD2d 904) the court did not discuss the number of seats which a limousine was required to have, but defined "limousine” as a " 'motor vehicle carrying passengers for hire in the city * * * and not permitted to accept hails from prospective passengers in the street’.” If that was the intended definition, why did the draftsman include what would then be superfluous language, namely, "designed to comfortably seat a maximum of eight passengers”?
At very best, the meaning of subdivision g of section 2302 is ambiguous. The question of whether or not the defendant was actually accepting "prospective passengers in the street” is not in the case since, concededly, Estes-El was alone in the car on the East River Drive.
The case is remitted to the Criminal Court of the City of New York, County of New York, for proceedings to direct the defendant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd 5), in accordance with this order.
Concur: Dudley, P. J., Riccobono and Asch, JJ.